IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDY T. DAVIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-22-2609 |
| ISHMAEL WILLIAMS, *Capt.*, | * | |
| Defendant. | * | |

\*\*\*
**MEMORANDUM**

Plaintiff Randy T. Davis filed a Complaint complaining about the conditions of confinement and the retaliation that he has allegedly suffered at Patuxent Institution in Jessup, Maryland, where he is incarcerated. ECF 1. Davis also filed a Motion for Leave to Proceed in Forma Pauperis (ECF 2) and a motion to appoint counsel (ECF 5). For the reasons discussed below, Davis's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, but with leave to amend.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* ___ U.S. ___, 140 S.Ct. 1721 (2020).

Davis provides minimal information about his claim. He names one defendant, Captain Williams. Davis alleges that in November and December 2021, he was forced to live in "inhumane conditions" for over 60 days in an open dorm setting where Williams was the supervisor. ECF 1 at 2-4. During this time, hot water was not provided. *Id.* at 4. Williams allegedly refused Davis's

requests to be removed from this housing unit. *Id.* In April 2022, Davis became sick and Williams refused to send him to "medical." *Id.* Thereafter, Davis received a notice of a rule infraction and was sent to administrative segregation, where he is presently housed. *Id.* at 5. Further, he asserts that conditions of confinement in administrative segregation are "inhumane" and there are roaches and mice. *Id.* at 6. Davis alleges that Williams retaliated against him by refusing to remove him from inhumane conditions, and provide him with access to medical treatment, and is responsible for his transfer to administrative segregation. *Id.* at 4-5. It is not clear what conduct Davis engaged in that he believes caused Williams to retaliate.

To comply with the Federal Rules of Civil Procedure, a complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant. *See* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, a complaint drafted by a self-represented plaintiff is held to a less stringent standard than one drafted by an attorney. A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Davis will be granted 28 days in which to amend his Complaint. Davis will be provided with a copy of the Court's civil rights complaint form to submit his Amended Complaint.

In the Amended Complaint, Davis must specify each condition that he believes is or was "inhumane" in both the dorm setting and in administrative segregation, the harm these conditions have caused him, and how defendant Williams (or someone else) is responsible for these conditions.

Davis should also provide information regarding the disciplinary matter. He should include the date he received the charges, the infraction with which he was charged, the name of the person who issued the charge(s), and the outcome of any disciplinary proceedings.

In addition, Davis should provide information regarding his claim that he was denied medical care. For example, Davis should specify the reason why he requested medical care, when he requested it, whether and when he was seen by the medical department, the diagnosis and treatment, if any, and any harm that he claims to have suffered due to the alleged delay in being sent to the medical department.

As to retaliation, Davis must state what he did that allegedly caused Williams to retaliate. He should also state the actions that Williams took in retaliation, and the dates that these events took place.

An amended complaint generally replaces the original complaint. The general rule is that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)); *see Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). Therefore, the Amended Complaint required by this Order must include all of the allegations against each named defendant, so that the Amended Complaint may stand alone as the

sole Complaint in this action, to which defendant(s) must respond. Additionally, the Amended Complaint must meet the requirements of this Order, or it may be dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Further, Davis is forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Davis also filed a motion to appoint counsel. ECF 5. A pro se prisoner does not have a general right to counsel in a § 1983 action. *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017). A federal district court judge's power to appoint counsel under 28 U.S.C.§ 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances." *Id.* at 170; *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). In making this determination, the court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296 (1989). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Id.* at 163.

At this early stage in the proceeding, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Davis under 28 U.S.C. §1915(e)(1) at this time. Therefore, the motion to appoint counsel will be denied, without prejudice.

An Order follows.

Date: November 28, 2022                             /s/
                                                    Ellen L. Hollander
                                                    United States District Judge